UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JEREMIAH C. OWENS, | Case No. 6:21-cv-00870-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SGT. P. MILLER; SGT. J. BARTELL; C/O A. ALFONSO, C/O C. RYDER; C/O C. CLAYVILLE, | |
| Defendants. | |

MCSHANE, District Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, filed suit pursuant to 42 U.S.C. § 1983 alleging the use of excessive force and the denial of adequate medical care. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to exhaust available administrative remedies. It is undisputed that plaintiff did not complete the administrative grievance process before filing suit, and defendants' motion is GRANTED.

1  - OPINION AND ORDER

DISCUSSION

Plaintiff alleges that on November 9, 2020, he was being held down on the floor by Sgt. Bartell and Officers Clayville, Ryder, and Alfonso when Sgt. Martin walked up and "slammed" his foot on plaintiff's neck. Compl. at 3. Plaintiff further alleges that he had a "lump" on his neck for several weeks and was denied adequate medical care. *Id.* at 3-4.

Defendants move for summary judgment on grounds that plaintiff failed to exhaust available administrative remedies before filing suit. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process to address complaints about the misapplication of ODOC rules, unprofessional conduct, inadequate medical care, sexual abuse or harassment, or the use of excessive force. *See* Or. Admin. R. 291-109-0210. Generally, the inmate must file a grievance within fourteen days of the alleged condition or incident. *Id.* 291-109-0205(1). If a grievance is accepted, the inmate may appeal the response within fourteen calendar days. *Id.* 291-109-0205(3). If an inmate's first appeal is denied, the inmate may file a second appeal within fourteen days. *Id.* 291-109-0205(5). A decision following a second appeal is final and not subject to further review.

Defendants argue that plaintiff did not complete the grievance appeal process regarding his complaints of excessive force and inadequate medical care. *See* Sobotta Decl. ¶¶ 6, 30-32 & Ex. 10 (ECF No. 17). Plaintiff does not dispute his failure to complete the appeals process and seeks an extension of time to "finish" his grievance appeals. Pl.'s Mot. (ECF No. 21). However, inmates are required to exhaust all available remedies before filing a § 1983 action and cannot do so while an action is pending. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (explaining that "a district court must dismiss a case without prejudice 'when there is no *presuit* exhaustion,' even if there is exhaustion while suit is pending") (citation omitted).

3    - OPINION AND ORDER

CONCLUSION

Plaintiff failed to exhaust his administrative remedies before filing suit, and defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. Plaintiff's Motion for Extension of Time (ECF No. 21) is DENIED as moot and his claims are DISMISSED without prejudice. IT IS SO ORDERED.

DATED this 6th day of May, 2022.

s/ Michael J. Shane
MICHAEL J. MCSHANE
United States District Judge